**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

WILLIAM F. FELLER          *

    Plaintiff                *

         v                  *          Civil Action No. DKC-12-1002

THOMAS C. DIDONE and       *
ACS STATE & LOCAL SOLUTIONS, INC.
                             *
    Defendants            ***

<u>**MEMORANDUM OPINION**</u>

The above-captioned case was filed on April 2, 2012, together with a Motion to Proceed in Forma Pauperis.  ECF No. 2.  Because he appears indigent, Plaintiff's motion will be granted.

Plaintiff seeks injunctive relief and a Motion for Temporary Restraining Order.  ECF No. 3.  He states on March 25, 2011, he was issued a traffic ticket for exceeding the speed limit via speed monitoring camera.  ECF No. 3 at p. 1.  He claims the first he became aware of the citation was on May 3, 2011, when he received an overdue notice stating he had failed to respond to the citation by the April 24, 2011 deadline.  Plaintiff claims he never received the initial citation notice.

In response to the overdue notice, Plaintiff sent in a letter and a check for the amount of the initial citation, but not for the late fees.  *Id*. at p. 2.  In his letter Plaintiff explained that he did not admit liability; that the enclosed payment was payment in full; and if Defendants did not agree to the conditions, a trial date should be set.  Plaintiff states the check was cashed.  In July, 2011, Plaintiff's MVA account was "flagged" stating he still owed the late fees and charging additional fees for imposition of the MVA flag. *Id*.

Plaintiff requested an investigation from the Internal Affairs Division of the Montgomery County Police, and one was initiated.  As of March 28, 2012, Plaintiff states the investigation is ongoing.  Plaintiff claimed in his complaint with Internal Affairs that the ticket was issued illegally, that ACS and Montgomery County Police violated Md. Code Ann., Transp. §21-809(j) because ACS was paid fees on a per ticket basis.  *Id*.  Plaintiff further claimed that ACS is not licensed in the State of Maryland as a Private Detective Agency or a Special Police Agency. Additionally, Plaintiff states he raised several points regarding the constitutionality of the Safe Speed Program.  *Id*.

The instant Complaint appears to be an attempt to sue state officials to enjoin them from enforcing an unconstitutional statute. The Supreme Court's decision in *Ex Parte Young,* 209 U.S. 123 (1908) "permits citizens to sue state officials to enjoin the enforcement of unconstitutional laws," creating "an exception to the general constitutional command that federal courts do not have jurisdiction over suits by citizens against the states." *Lyle v. Griffith*, 240 F. 3d 404, 412 (4th Cir. 2001).  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002), quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997).

The Complaint seeks to enjoin enforcement of fees associated with an overdue traffic fine. ECF No. 3 at p. 2.  Plaintiff claims he will be irreparably harmed if injunctive relief is not granted because he will be unable to register his car and, thus, lose his right to drive it.  *Id*. at p. 18.  His basis for challenging the actions of Montgomery County officials is not a challenge to the constitutionality of the statute permitting speed cameras; rather he states the contractual

relationship between ACS and Montgomery County violates state law. [1]   In addition he claims there is no basis in state law for preventing the registration of his vehicle for non-payment of late fees only; that ACS is not properly licensed under Maryland law; and the citation issued to him did not contain the legally required information.   ECF No. 3 at pp. 16 – 17.   It is important to note that Plaintiff is not seeking an injunction to prevent the future enforcement of the Safe Speed Program, but to enjoin the prohibition against the registration of his vehicle.   Thus the Complaint is not the challenge contemplated by *Ex Parte Young* and is more accurately an action seeking mandamus relief against a state agency.[2]

This Court does not have jurisdiction over State employees in an action for writ of mandamus.   *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361.   Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted.   *In re Beard*, 811 F.2d 818, 826 (4th Cir.1987).   Plaintiff makes clear that although he had an opportunity to challenge the validity of the citation as well as the legality of the contract between Montgomery County Police and ACS in state district court, he did not do so because it "would be extremely difficult when some judges will limit defenses."   ECF No. 3 at p. 19. As a matter of comity, this court will not intervene in a matter that the state courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

---

[1]  Plaintiff lists constitutional arguments against the validity of the Safe Speed Program, but does not seek to enjoin the use of the speed cameras in general.  He states his "only goal" is "to allow him to re-register his vehicle."  ECF No. 3 at p. 19.

[2] The sole relief sought is injunctive relief.

In light of the lack of jurisdiction over the matter asserted, the Complaint shall be dismissed and the Motion for Temporary Restraining Order denied.


Date:   April 5, 2012                            /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge